JjBYRNES, Judge.
Relator, Sue Ellen Bullock, wishes to move the primary residence of her two minor sons, ages 14 and 17, from Louisiana to Alabama. She is the mother and the “parent entitled to primary custody” as defined by LSA-R.S. 9:355.1.
The father, Thomas Bullock, objects to this relocation. He apparently resides in Mississippi. In the trial court the relator contended that the respondent father has no cause of action to object to the relocation because he resides out of state. The trial court ruled against the relator on this issue, prompting the relator to apply for writs to this Court.
Relator argues that the relocation statutes, LSA-R.S. 9:355.1 et seq., were meant to apply only to situations where both parents reside in Louisiana. In essence, relator’s argument is ■ that what difference could it make to respondent whether she lives in Louisiana or in Alabama since he lives in Mississippi. 'Although there may be some practical logic in this argument we must look to LSA-9:355.1 which provides in pertinent part:
(4) “Relocation” means:
(a) Intent to establish legal residence with the child at any location outside of the state.'
(b) -If there is no court order awarding custody, an intent to establish legal resident with the child at any location l2within the state that is at a distance of more than one hundred fifty miles from the other parent. If there is a court order awarding custody, then an intent to establish legal residence with the child at a distance of more than one hundred fifty miles establish legal residence with the child at a distance of more than one hundred fifty miles from the domicile of the primary custodian at the time the custody decree was rendered.
(c) A change in the principal residence of a child for a period of sixty days or more, but does not include a temporary absence from the principal residence.
Relator’s argument may have some bearing on LSA-R.S. 9:355.1(4)(a) and (b) which contemplate geographic considerations. However, LSA-R.S. 9:355.1(4)(c) contemplates no such geographic references and, by it terms, would apply to any relocation regardless of the relative geographic locations of the parties.[1]
Therefore, we cannot say that respondent has no right to question the relocation.
For the foregoing reasons we deny the writ application and affirm the judgment of the trial court.
WRIT DENIED.

. We note that 9:355.l(4)(c) is so broad as to perhaps make 9:355,l(4)(a) and (b) superfluous. However, we cannot ignore the language of 9:355.l(4)(c) which clearly applies to this case.